June 25, 2013

FILED VIA ECF
Honorable Katherine B. Forrest
United States District Judge
United States District Court
for the Southern District of New York
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 27 2013
```

Re:  Maria Roldos v. City of New York et al (KBF)
     Index No:. 12 CV 5076

Your Honor:

My office represents the plaintiff Maria Roldos in the above captioned matter. This matter involves the arrest of Ms. Roldos relative the removal of a compressor in the basement of the co-op where she resides.

The parties appeared for a conference in this matter before Your Honor on June 6, 2013, at that time Your Honor issued an Order directing the plaintiff to move by letter motion, on or before June 28, 2013, if she sought to make any changes to her complaint to add allegations, change the caption or otherwise amend the complaint.

At this juncture, the plaintiff moves only to amend the caption in this action. There are no amendments to the body of the complaint as all previously stated allegations remain unchanged.

Our office has been in contact with the assigned Assistant Corporation Counsel, Tobias E. Zimmerman, and Mr. Zimmerman has consented to said amendment pending the Court's approval.

I have attached a copy of the amended complaint for the Court's review and approval.

There have been no prior applications of this nature to the Court.

Respectfully Submitted,

*Ordered*
*Amendment allowed, File on ECF.*       Nadia Lescott (1147)
                                         K.D.F. 6/27/13

Enc:
Cc:  Tobias E. Zimmerman, Assistant Corporation Counsel (Via E-File)
     Attorney for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
MARIA ROLDOS,

                              Plaintiff,

   -against-

THE CITY OF NEW YORK, POLICE OFFICER
RAYMOND SERRANO and POLICE OFFICER
CRISPEL,

                              Defendants.
------------------------------------------------------------ X

**Case No.: 12CV5076**

**AMENDED COMPLAINT AND JURY DEMAND**

## INTRODUCTORY STATEMENT

1. The plaintiff, MARIA ROLDOS, brings this action under 42 U.S.C. Sec. 1983 and related state laws seeking compensatory and punitive damages and attorneys fees under 42 U.S.C. Sec. 1988 for the defendants' violation of their rights afforded by the United States and New York Constitutions and under the laws of the State of New York.

2. Defendants, CITY OF NEW YORK and POLICE OFFICER RAYMOND SERRANO and POLICE OFFICER CRISPEL being an employee of the New York City Police Department, violated plaintiff's civil rights without just and probable cause, causing her emotional and economic loss.

## JURISDICTION

3. The Court has jurisdiction over plaintiff's claims under 42 U.S.C. Sec. 1983 pursuant to 28 U.S.C. Sec. 1331 and Sec. 1342(3).

4. The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Sec. 1367.

5. Prior to commencement of this action and within 90 days of occurrence herein, on November 11, 2011, plaintiff served a Notice of Claim in writing, upon the defendant, the City of New York, in accordance with Section 50(e) of the General Municipal Law.

6. A hearing was held pursuant to Section 50(h) of the General Municipal Law on April 23, 2012, and this case has not been settled or adjusted.

7. This action was commenced within one year and ninety days of the occurrence complained of herein that gave rise to plaintiff's injuries and plaintiff has complied with all of the prerequisites for bringing this action.

## PARTIES

8. Plaintiff is a resident of the County of New York, City and State of New York.

9. Defendant CITY OF NEW YORK is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies and customs of the New York City Police Department, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

10. Defendant POLICE OFFICER RAYMOND SERRANO and POLICE OFFICER CRISPEL are being sued herein both in their individual and official capacities, are and were at all times hereinafter mentioned, and particularly on or about August 1, 2011, employed by the City of New York.

11. Defendants were at all times acting under color of state law, to wit, under color of the statutes, ordinances, customs, policies and/or practices of the State of New

York and/or the City of New York and defendants were also acting within the scope of and in furtherance of their employment.

## FACTUAL ALLEGATIONS

12. Plaintiff was not guilty of any criminal acts.

13. Plaintiff MARIA ROLDOS is the designated Treasurer of the Co-Op board of the building in which she resides, located at 188 8th Avenue, New York, New York (hereinafter, "the premises").

14. At all times herein mentioned, the premises consisted of co-op apartments and had a restaurant known as Casa Havana on the ground floor.

15. Thomas Vicari was the owner of the Casa Havana.

16. By an order dated April 7, 2011 from the Environmental Control Board, the co-op was required to remove a compressor from the basement of the premises.

17. Upon Plaintiff's attempt on behalf of the co-op board to comply with the above-mentioned order, Thomas Vicari prevented plaintiff from removing the compressor.

18. Police arrived and placed Plaintiff under arrest.

19. Plaintiff was not given her Miranda rights.

20. Plaintiff was not informed of why she was being arrested.

21. Plaintiff was charged with for Criminal Mischief in the Fourth Degree.

22. Plaintiff was held from approximately 11:30am on August 1, 2011 at the 10th Precinct until her arraignment at 11:30am on August 2, 2011.

23. Plaintiff was arraigned on August 2, 2011 at approximately 11:30am at the Criminal Court of the City of New York, County of New York, and was released on recognizance.

24. Plaintiff's case was dismissed on September 27, 2011 on motion from the District Attorney.

25. Solely as the result of the foregoing, plaintiff MARIA ROLDOS has sustained substantial financial loss and serious emotional injuries.

### AS AND FOR A FIRST CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS

26. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to them under the Constitution and laws of New York and the United States, including, but not limited to their rights under the Fourth, Eighth and Fourteenth Amendments and 42 U.S.C. 1983 to be secure in their person, to be free from unreasonable searches and seizures, to be free from malicious prosecution, false arrest and false imprisonment and punishment without due process and to equal protection of the laws.

28. As a result of the aforesaid violation of plaintiff's rights, she sustained injuries and damages previously described in this complaint.

29. As a result of the foregoing, plaintiff seeks compensatory damages in an amount which exceeds the minimal jurisdiction of this court from all defendants.

## AS AND FOR A SECOND CAUSE OF ACTION –
## NEGLIGENCE

30. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in arresting and prosecuting the plaintiff.

32. As a result of the aforesaid, plaintiffs sustained the injuries and damages previously described in this complaint.

33. As a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdiction of this court from all defendants.

## AS AND FOR A THIRD CAUSE OF ACTION –
## NEGLIGENT RETENTION AND NEGLIGENT HIRING

34. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the public.

36. As a result of the aforesaid, plaintiff sustained the injuries and damages previously described in this complaint.

37. As a result of the foregoing, plaintiff seeks compensatory damages in an amount which exceeds the minimal jurisdiction of this court from all defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION –
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. The actions of the defendants in arresting the plaintiff who they knew or should have known was not guilty of a crime, were outrageous and beyond any norms acceptable to society.

40. As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

41. As a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdiction of this court from all defendants.

## AS AND FOR A FIFTH CAUSE OF ACTION –
## FALSE ARREST AND FALSE IMPRISONMENT

42. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 41 as if fully set forth herein.

43. At no time did plaintiff commit any act or offense for which an arrest may be lawfully made.

44. The false criminal charges, false arrest and wrongful imprisonment were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

45. As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

46. As a result of the foregoing, plaintiff seeks compensatory damages in an amount which exceeds the minimal jurisdiction of this court from all defendants.

## AS AND FOR A SIXTH CAUSE OF ACTION –
## MALICIOUS PROSECUTION

47. Plaintiff repeats and realleges each and every allegation heretofore set forth in the First, Second, Third, Fourth and Fifth Causes of Action with the same force and effect as if set forth herein at length.

48. There are and were no grounds, legitimate cause or justification upon which to prosecute the plaintiff, and said prosecution of the plaintiff was intentional, malicious, reckless and in bad faith.

49. As a result of the aforesaid, plaintiff sustained the injuries and damages previously described in this complaint.

50. As a result of the foregoing, plaintiff MARIA ROLDOS has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, plaintiff demands an amount which exceeds the minimal jurisdiction amount of the lower courts from all defendants in each of the first through five causes of action along with punitive damages and attorney's fees, together with the costs and disbursements of this action.

Dated: New York, New York
       June 25, 2013

_____
Michael B. Ronemus
**RONEMUS & VILENSKY**
Attorneys for Plaintiff(s)
112 Madison Avenue, 2nd Floor
New York, New York 10016
(212) 779-7070